**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000327
12-MAR-2019
07:47 AM**

NO. CAAP-17-0000327

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CINDY CHURAN KODAMA, Plaintiff-Appellee, v.
ALAN HARUO KODAMA, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 08-1-2862)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Alan Haruo Kodama (**Husband**) appeals from the April 3, 2017 Amended Divorce Decree (**Amended Decree**) entered by the Family Court of the First Circuit (**Family Court**).[1] Husband also challenges the Family Court's: (1) December 5, 2016 Order Re: Remand Hearing Intermediate Court of Appeals [(**ICA**)] Decision [(**Kodama I**)],[2] Filed December 31, 2014 (**Remand Order**); (2) March 8, 2017 Order Re: (1) Motion for Clarification, Filed January 4, 2017 and (2) Motion for Clarification, filed January 4, 2017 (**Clarification Order**); and (3) April 3, 2017 On Remand

---

[1] The Honorable Gale L.F. Ching presided.

[2] Kodama I refers to Kodama v. Kodama, No. CAAP-11-0000641, 2014 WL 7451246 (Haw. App. Dec. 31, 2014) (mem. op.).

Amended Findings of Fact and Conclusions of Law (**Amended FOFs & COLs**).

Husband appears to raise a single point of error on appeal, contending that the Family Court exceeded the scope of the remand in Kodama I.[3]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Husband's point of error as follows:

In Kodama I, this court vacated the provisions of the June 1, 2011 Divorce Decree (**2011 Divorce Decree**) that related to, or were affected by our decision regarding, the division of certain real property located on Maui (**Maui Property**), the award of Life Insurance Policy 80004 (**Policy 80004**), and the valuation of the investment accounts owned by Husband at the date of marriage (**Pre-Marital Investments**). We remanded the case to the Family Court for further proceedings consistent with Kodama I, specifically ruling that the Family Court would be entitled to make all necessary adjustments in its property division to address the errors we determined were made in the 2011 Divorce Decree. The Divorce Decree was affirmed in all other respects.

On remand, the Family Court addressed the errors related to the Maui Property, Policy 80004, and the valuation of the Pre-Marital Investments, as directed by the ICA. Based on

---

[3] Notwithstanding representation by experienced appellate counsel, to the extent Husband may be attempting to raise multiple points of error, the Opening Brief fails to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), including, *inter alia*, the requirement of a "concise statement of the points of error set forth in separately numbered paragraphs[.]"

the Family Court's adjustments, absent a deviation from partnership principles, it appears that an equalization payment in the principal amount of $283,501.07 would have been payable to Husband from Plaintiff-Appellee Cindy Churan Kodama (**Wife**). However, based on a determination that there are valid and relevant considerations (**VARCs**) justifying a deviation from partnership principles, the Family Court ordered a disproportionate award to Wife of $200,000, and the Family Court ordered Wife to pay Husband $83,501.07. The Family Court denied Husband's request for interest on the $83,501.07 from the date of the 2011 Divorce Decree and instead ordered that interest would run only from the date of the Amended Decree.

Pursuant to Hawaii Revised Statutes (**HRS**) § 580-47 (Supp. 2017),[4] "the family court has wide discretion to divide marital partnership property according to what is 'just and equitable' based on the facts and circumstances of each case."

---

[4]   HRS § 580-47 states, in relevant part:

> **§ 580-47 Support orders; division of property.** (a) Upon granting a divorce, or thereafter if, in addition to the powers granted in subsections (c) and (d), jurisdiction of those matters is reserved under the decree by agreement of both parties or by order of court after finding that good cause exists, the court may make any further orders as shall appear just and equitable . . . (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate; and (4) allocating, as between the parties, the responsibility for the payment of the debts of the parties whether community, joint, or separate, and the attorney's fees, costs, and expenses incurred by each party by reason of the divorce. In making these further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset, or violation of a restraining order issued under section 580-10(a) or (b), if any, by either party, and all other circumstances of the case.

Gordon v. Gordon, 135 Hawai'i 340, 348-49, 350 P.3d 1008, 1016-17 (2015) (citation omitted).  Hawai'i has developed a framework for the division of marital property based on marital partnership principles to guide family courts in their division of marital property.  Id. at 349, 350 P.3d at 1017.  There are four steps that must be followed by a family court to establish the value of marital property and then distribute it.  First, the court must find all facts necessary to properly categorize the property into one of five categories and assign the property the relevant net market values.[5]  Id. at 349-50, 350 P.3d at 1017-18.  Second, the family court must identify any equitable considerations justifying deviation from an equal distribution between the parties.  Id. at 350, 350 P.3d at 1018.  Third, the court must decide whether there will be a deviation.  Id.  Finally, the family court must decide the extent of any deviation.  Id.

To determine whether equitable considerations justify a deviation from the partnership model, the family court must consider the following:  "the respective merits of the parties,

_____

[5]     In Gordon, the Hawai'i Supreme Court explained that the categories consist of:

> Category 1 includes the net market value of property separately owned by a spouse on the date of marriage;
> Category 2 includes the increase in the net market value of Category 1 property during the marriage;
> Category 3 includes the net market value of property separately acquired by gift or inheritance during the marriage;
> Category 4 includes the increase in the net market value of Category 3 property during the marriage; and
> Category 5 includes the net market value of the remaining marital estate at the conclusion of the evidentiary part of the trial.

Gordon, 135 Hawai'i at 349, 350 P.3d at 1017 (footnotes and citations omitted).

the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case." Id. at 352-53, 350 P.3d at 1020-21 (citing HRS § 580-47(a)); see also Hamilton v. Hamilton, 138 Hawai'i 185, 206, 378 P.3d 901, 922 (2016) (same).

The errors identified in Kodama I all pertained to the first step of the above framework, i.e., the findings of fact necessary to properly categorize the property into one of five categories and assign the property the relevant net market values. See Gordon, 135 Hawai'i at 349-50, 350 P.3d at 1017-18. We reject Husband's argument that the Family Court abused its discretion in considering whether deviation was appropriate after making the necessary findings to correct the errors identified in Kodama I, as this court specifically ordered that "[o]n remand, the Family Court will be entitled to make all necessary adjustments in its property division to address the errors we have determined were made by the Family Court in this appeal." Kodama I, 2014 WL 7451246, at *15 (emphasis added).

We also reject Husband's argument that the principles of res judicata or the law of the case doctrine precluded the Family Court from finding that a deviation was necessary, after the court corrected its step 1 errors, because the Family Court had not previously found that a deviation was necessary. Res judicata is inapplicable here as this matter involves further proceedings in the same case, not a prior adjudication. See, e.g., Smallwood v. City & Cnty. of Honolulu, 118 Hawai'i 139,

5

146-50 185 P.3d 887, 894-98 (App. 2008) (discussing doctrine of *res judicata*). The law of the case doctrine provides that "a determination of a question of law made by an appellate court in the course of an action becomes the law of the case and may not be disputed by a reopening of the question at a later stage of the litigation." Hussey v. Say, 139 Hawai'i 181, 185, 384 P.3d 1282, 1286 (2016) (citation and internal quotation marks omitted). This doctrine is also inapplicable here as the ICA in Kodama I made no determination concerning whether deviation from marital partnership principles was warranted, but merely noted that the Family Court, in the 2011 Decree, had not justified its award of equity from the Maui Property on that basis.

Husband next argues that the Family Court erred because it received no new evidence on remand prior to determining that VARCs justified a deviation in favor of Wife. However, Husband did not argue in the proceedings on remand that further evidence was necessary and, therefore, this argument is waived. See, e.g., Asato v. Procurement Policy Bd., 132 Hawai'i 333, 354 n.22, 322 P.3d 228, 249 n.22 (2014) (citation omitted) ("[a]s a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal".)

Based on evidence presented before the entry of the 2011 Divorce Decree, the Family Court reiterated its findings that: (1) Wife had limited employment skills and opportunities due to her service as a stay-at-home mother during the marriage; (2) Wife was not able to use her prior college education and pursue employment opportunities during the marriage; (3) Wife

will not be as financially secure as Husband as a result; (4) Husband was able to work and advance his career during the marriage; (5) Husband has been able to sustain a successful and profitable business and will be able to continue that business after the marriage; and (6) Husband will likely be financially secure after the marriage. Thus, contrary to Husband's argument on this appeal, we conclude that the Family Court made appropriate findings and justifications on remand to support deviation from partnership principles.

We conclude that Husband's further arguments concerning the Family Court's Amended FOFs & COLs are without merit or, in essence, address clerical errors that are harmless.[6]

Finally, we reject Husband's argument that he is entitled to interest on the $83,501.07 equalization payment calculated from the date of the original judgment in August 2011. We note that, in Gurrobat v. HTH Corp., 135 Hawai'i 128, 141, 346 P.3d 197, 210 (2015), the supreme court held, *inter alia*, that "[w]hile remand will still result in a judgment awarding money damages to Gurrobat, the judgment will likely not be in the amount initially awarded. Under the circumstances, therefore, an award of post judgment interest under HRS § 478-3 is not

---

[6] For example, it appears that the Family Court's failure to delete the reference in the Amended FOFs & COLs to certain deleted FOFs was an oversight by the Family Court. Nevertheless, the error is harmless because even without it, the remaining FOFs provide substantial evidence to support the Family Court's finding that deviation from marital partnership principles was necessary. See, e.g., Dupree v. Hiraga, 121 Hawai'i 297, 320 n.28, 219 P.3d 1084, 1107 n.28 (2009) ("FOF No. 13 . . . is therefore clearly erroneous. However, we find the error was harmless . . . ."); Kawamoto v. NHC, Inc., No. 29295, 2009 WL 3350309 at *5 (Haw. App. Oct. 19, 2009) (sdo) (stating that a challenged LIRAB finding played no "meaningful role" in LIRAB's determination regarding claimant's injury and thus any potential error was harmless).

appropriate."  Similarly, in <u>Kodoma I</u>, we remanded the case to the Family Court to conduct further proceedings and Husband's award could only be ascertained after the completion of these proceedings; indeed, there was no such award upon the entry of the "judgment" in <u>Kodama I</u>.  Thus, we conclude that the Family Court did not err in refusing to award Husband post-judgment interest from the earlier date.

For these reasons, the Family Court's April 3, 2017 Amended Decree is affirmed.

DATED: Honolulu, Hawai'i, March 12, 2019.

On the briefs:

Peter Van Name Esser,
    and
Edward R. Lebb,
for Defendant-Appellant.

R. Steven Geshell,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge